JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-07388-ODW (ASx) | Date | October 23, 2025 |
|---|---|---|---|
| Title | *Angela Marin v. General Motors LLC et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:**                    **In Chambers**

On March 27, 2025, Plaintiff Angela Marin initiated this action against Defendant General Motors LLC in state court. (Notice Removal ("NOR") Ex. A ("Compl."), Dkt. No. 1-1.) The Complaint alleges breach of express and implied warranties and violations of the Song-Beverly Warranty Act. (*Id.*) Plaintiff seeks actual damages; restitution; attorneys' fees and costs; civil penalties; and consequential and incidental damages. (*Id.*, Prayer for Relief.) On August 8, 2025, Defendant removed the action to this Court based on diversity jurisdiction. (NOR 2, Dkt. No. 1.) On August 22, 2025, the Court ordered the parties to show cause why this action should not be remanded for lack of subject matter jurisdiction. (Min. Order, Dkt. No. 8.) On August 29, 2025, Defendant filed a Response. (Resp., Dkt. No. 17.) On the same day, Plaintiff filed a Motion to Remand based on Defendant's untimely removal and failure to meet its burden of establishing that the amount in controversy exceeds the jurisdictional threshold for diversity. (Mot. Remand, Dkt. No. 16.)

Upon review of Defendant's Notice of Removal and Response to the Court's Order to Show Cause, the Court finds that Defendant fails to establish that the amount in controversy exceeds $75,000 and accordingly **REMANDS** the action.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in a state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-07388-ODW (ASx) | Date | October 23, 2025 |
|---|---|---|---|
| Title | *Angela Marin v. General Motors LLC et al.* | | |

federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. Accordingly, a defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship among the adverse parties and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*

Here, Defendant contends that Plaintiff's potential damages exceed $75,000 because the Song-Beverly Warranty Act allows a plaintiff to recover actual damages, plus up to two times the compensatory damages in civil penalties. (NOR 4–6; Resp. 3–4.) Defendant asserts that Plaintiff's actual damages in controversy total at least $33,431.86, including applicable offsets and deductions. (Resp. 3.) Defendant also claims that "the 2.0-times maximum civil penalties [are] available as a matter of law" which "brings the total damages to $100,295.58." (*Id.* at 4 (emphasis omitted).) Finally, Defendant contends that "[b]ased on [Defendant's] prior experience in similar matters, a reasonable estimate of Plaintiff's attorneys' fees accumulated up to this point in litigation is $5,000. (NOR 6.)

First, Defendant's inclusion of civil penalties to establish the amount in controversy is highly speculative and insufficient to meet its burden. "A plaintiff who establishes that a violation of the [Song-Beverly] Act was willful may recover a civil penalty of up to two times the amount of actual damages." *See* Cal. Civ. Code § 1794(c). However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Castillo v. FCA USA, LLC*, No. 19-cv-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019); *Estrada v. FC US LLC*, No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (collecting cases and remanding where defendant's inclusion of civil penalties to establish the amount in controversy was "too speculative" and "not adequately supported by the facts and evidence"). Defendant fails to establish that inclusion of civil penalties is appropriate.

Defendant's failure to establish that inclusion of civil penalties is appropriate defeats federal subject matter jurisdiction in this case. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Even

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-07388-ODW (ASx) | Date | October 23, 2025 |
|---|---|---|---|
| Title | *Angela Marin v. General Motors LLC et al.* | | |

including Defendant's estimate of $5,000 in attorneys' fees, Defendant establishes an amount in controversy of only $38,431.86 (=$33,431.86+$5,000).  This falls short of Defendant's burden to establish the requisite jurisdictional amount in controversy of $75,000.  *See* 28 U.S.C. § 1332(a).  Accordingly, the Court **REMANDS** this case to the Superior Court of California, Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, CA 90012, Case No. 25STCV08976.

In light of this disposition, Plaintiff's Motion to Remand, (Dkt. No. 16), is **DENIED AS MOOT**.  All dates are **VACATED**.  The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

                                                          :          00

                        Initials of Preparer    SE